*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOM DJONOVIC,

        Plaintiff-Appellant,

v

UTICA VAN DYKE SERVICE LLC,

        Defendant-Appellee.

UNPUBLISHED
July 13, 2026
9:41 AM

No. 375074
Macomb Circuit Court
LC No. 2023-000273-NI

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendant's motion to dismiss for plaintiff's failure to appear at trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were summarized in *Djonovic v Utica Van Dyke Serv LLC*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2024 (Docket No. 367474), p 1-2. In short, defendant assists the Shelby Township Police Department with vehicle removal and towing services, and in that capacity defendant removed several improperly stored, unregistered, and inoperable vehicles from plaintiff's property as authorized by a court order. *Id*. at 1. Plaintiff filed a complaint alleging defendant's use of overweight towing equipment was negligent or grossly negligent and caused substantial damage to his driveway and landscaping. *Id*. at 2. "Defendant [initially] moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that it was entitled to governmental immunity under the [g]overnmental [t]ort [l]iability [a]ct (GTLA), MCL 691.1401 *et seq*., because it was acting as the Township's agent when the alleged torts occurred." *Id*. After a successful appeal to this Court of the order granting defendant summary disposition, plaintiff's counsel withdrew, and plaintiff proceeded *in propria persona*. Discovery was extended, but plaintiff refused to appear for his deposition. Defendant moved to compel plaintiff to appear for deposition, answer interrogatories, and respond to requests for production. Despite several orders instructing plaintiff to respond, he remained noncompliant.

On October 8, 2024, the court entered an order setting a pretrial for March 20, 2025, and trial for March 25, 2025. An amended order was entered on January 22, 2025, rescheduling the

in-person pretrial from March 20, 2025, to March 18, 2025. The order was e-served to the same e-mail address at which plaintiff was effectively e-served from the time his counsel withdrew.

Before trial, defendant filed and e-served several motions in limine and requested a hearing on March 18, 2025, to coincide with the rescheduled pretrial. In part, defendant sought to prevent plaintiff from offering standard of care testimony given the failure of plaintiff to identify an expert. The pretrial was held as scheduled but plaintiff did not appear. The court noted: "Plaintiff was advised that this hearing was to take place in person at the settlement conference. He was also sent an email on Thursday, March 6 confirming the in-person hearing to be here at the pretrial date."

Defendant moved to "dismiss the case on the grounds that plaintiff has violated your order by failing to show today," and the court reserved the issue for trial. The trial court agreed plaintiff would need an expert to articulate the standard of care, but left "the balance of issues raised on the motion" to be addressed at trial. The trial court entered an order on the remainder of defendant's motions in limine, rejecting one of plaintiff's proposed jury instructions, and taking another under advisement. Plaintiff appealed that order, which this Court dismissed for lack of jurisdiction. *Djonovic v Utica Van Dyke Serv LLC*, unpublished order of the Court of Appeals, entered April 2, 2025 (Docket No. 374920).

Plaintiff did not appear for the March 25, 2025 trial. The court noted: "I'm advised this morning that the plaintiff is not here and spoke with the clerk and said he filed an appeal and therefore was not appearing. That's not how it works." It continued: "I had the secretary call him and advise[] him that he should be here and at least gave him an option of appearing by Zoom and indicated he wouldn't do that either." Defendant renewed its motion to dismiss. The trial court explained it was inclined to dismiss the case because plaintiff was offered and used services for litigants acting *in propria persona*. Further, plaintiff's interlocutory appeal to this Court did not justify his absence. The trial court dismissed the case given plaintiff's disregard of the court's instruction to appear.

## II. DISCUSSION

At the outset, while not part of the statement of the issue,[1] plaintiff's brief includes a recitation of his version of the facts followed by allegations of conspiracy against him in the trial court, implying judicial bias. Plaintiff's failure to raise this issue in the trial court by, for example, seeking judicial disqualification, results in waiver of appellate review of that issue unless such review is demonstrated as being necessary to prevent a miscarriage of justice. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). See also MCR 2.003(D)(1)(a). Because there has been no factual showing or discernible legal argument to support plaintiff's implication a

---

[1] As recognized in *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004), "[a]n issue not contained in the statement of questions presented is waived on appeal."

miscarriage of justice will occur if this Court fails to review this assertion,[2] plaintiff's implied assertion of judicial bias is waived.

Plaintiff has failed to make a viable legal argument or cite legal authority concerning an abuse of discretion by the trial court in its dismissal of his case for failure to appear at trial, which could allow this Court to find this issue abandoned on appeal for insufficient briefing. *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers*, LLC, 282 Mich App 410, 413; 766 NW2d 874 (2009) ("Insufficiently briefed issues are deemed abandoned on appeal."). Notwithstanding the deficiencies in plaintiff's brief, we address the trial court's dismissal for plaintiff's failure to appear.

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action," and appellate courts may disturb exercises of that authority only for a "clear abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks and citation omitted). "The trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 487; 997 NW2d 307 (2022). This Court reviews for clear error factual findings underlying the trial court's decision. *Id*. Clear error has occurred "when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

"A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995), citing MCR 2.504(B)(1). "Dismissal is a drastic step that should be taken cautiously." *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020) (quotation marks and citation omitted). This Court has identified several considerations courts should assess before dismissing an action:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008), quoting *Vicencio*, 211 Mich App at 507.]

Here, plaintiff received notice that trial was scheduled for March 25. Trial was held as scheduled. On or near that date, plaintiff "spoke with the clerk and said he filed an appeal and therefore was not appearing." In response, the court "had the secretary call him and advise[] him that he should be here and . . . gave him an option of appearing by Zoom," but plaintiff refused.

---

[2] "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009) (quotation marks and citation omitted; alteration in original).

Plaintiff's willful and deliberate absence in violation of the court's instruction, especially in light of the court's offered accommodation to appear remotely to enable plaintiff to cure the defect, favors dismissal. *Woods*, 277 Mich App at 631. Plaintiff's failure to appear or cooperate in discovery (including failure to appear for his deposition) occurred prior to trial, and reflected a history of noncompliance and delay.

A lesser sanction would not better serve the interests of justice. *Id*. Plaintiff's lack of compliance with discovery required the trial court to expend judicial time and resources, and several orders were previously entered requiring plaintiff to comply with discovery. Plaintiff also showed an intent not to appear for trial despite the court contacting and attempting to accommodate him. For these reasons, the interests of justice would not be better served by a lesser sanction, *id*., particularly when prior orders did not gain compliance.

The trial court did not abuse its discretion when it dismissed the action in light of the considerations delineated in *Vicencio*, 211 Mich App at 507, and reiterated in *Woods*, 277 Mich App at 631.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello